# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40600
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 24, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DANIEL SILVA,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-124-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Daniel Silva appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40600

reduce his 146-month sentence on his conviction of possessing with intent to distribute 31 kilograms of cocaine. The motion was based on the retroactive provisions of Amendment 782 to the U.S. Sentencing Guidelines. *See* U.S.S.G. §§ 1B1.10, 2D1.1(c); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010).

The district court recognized that Silva was eligible for a reduction under § 3582(c)(2) but determined that none was appropriate in light of the applicable sentencing factors. *See* 18 U.S.C. § 3553(a); *see also United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). The additional "facts" regarding his rehabilitation that Silva now offers were not before the district court, so we will not consider them. *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Moreover, Silva does not show that the more extensive argument he presents on appeal would have persuaded the district court to exercise its discretion differently had the argument been presented there. There was no abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672–73 (5th Cir. 2009); *Whitebird*, 55 F.3d at 1010.

AFFIRMED.